Joseph A. Gavagaw, J.
In this article 78 proceeding to review a determination of the respondent Fire Commissioner, separating petitioner from his position of fireman, it is undisputed that petitioner submitted his resignation from the department on September 15, 1960 and that on the following day, he was officially notified through the proper channels that his ‘ ‘ resignation ” had not been accepted. Also undisputed is the fact that on September 21,1960 petitioner was placed on a light duty status and assigned to limited service in which capacity he served until his separation from the department on October 1, 1960. On September 30, 1960 petitioner acknowledged receipt of notification of the nonacceptance of his resignation and requested that the resignation heretofore submitted be withdrawn and of no effect.
From the foregoing, it is readily apparent that the respondent no longer had before him any application for petitioner’s resignation. Respondent’s purported acceptance of the resignation on October 1, effective as of the same day, was therefore clearly *361 without any legal basis or sanction for there was nothing before him upon which he could predicate any action.
An examination of the record discloses that there exists some question regarding petitioner’s failure to set forth his complete past medical history upon the occasion of his original appointment to the department. Respondent contends that petitioner’s past medical record is of a nature which would have made bim ineligible for appointment had the same been known to the appointing authorities. Whether or not petitioner failed to make a full disclosure, the fact remains that the complete record of his past medical history was in possession of those charged with the duty of investigating petitioner’s qualifications. Under these circumstances, it becomes of extreme importance that the matter be thoroughly developed and explored in the proper forum, at which time and place petitioner, upon being advised with specific detail regarding any offense allegedly committed, may properly interpose his defenses.
If, as alleged, petitioner’s falsification of his application warrants his dismissal from the department, such dismissal may only be effected through the recognized legal channels. Respondent’s action has, in effect, dismissed petitioner from his position without resort to the safeguards enacted to insure his full protection.
It is the court’s view that in acting upon a resignation which, in fact, was nonexistent, respondent has acted in an illegal manner. His determination accepting petitioner’s resignation is, accordingly, annulled and the matter is remanded to bim for further action not inconsistent with the foregoing.